UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
APR 27 2011
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| ANN JEANINE ZOCH, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. |
| COMMUNITY HEALTH NETWORK, INC., | ) 1:11-cv-0560 TWP-DML |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, Ann Jeanine Zoch (hereinafter "Plaintiff"), by counsel, and files her complaint against Defendant, Community Health Network, Inc. (hereinafter "Defendant"). In support of said complaint, Plaintiff alleges and states as follows:

### I. STATEMENT OF THE CASE

1. Plaintiff brings this action against Defendant for termination in retaliation for exercising her right to medical leave under the Family Medical Leave Act (hereinafter "FMLA"), 29 USC §2601 *et seq*, and for wrongful and retaliatory discharge for reporting incidents that placed patients at risk, and for which failure to report would constitute a violation of 848 IAC 2-2-2 and 848 IAC 2-2-3, placing Plaintiff's nursing license in jeopardy.

### II. FACTUAL ALLEGATIONS

2. At all times relevant to the facts at issue, Plaintiff was a resident of Boone County, Indiana.

3. Defendant operates a hospital in Marion County, Indiana, known as Community Hospital North, at which Plaintiff was employed.

4.  Plaintiff began employment as a registered nurse with Defendant in October of 2002.

5.  Plaintiff initially worked as a resource nurse. About six months later, she became a staff or charge nurse in an area of the hospital known as "3 East."

6.  3 East is a dual diagnosis ward which provides short term or acute care to patients who have, or potentially have, a shared diagnosis of chemical additions and mental illness.

7.  Throughout her employment, Plaintiff's job performance was satisfactory and she met Defendant's legitimate job expectations.

8.  Plaintiff has a serious, chronic health condition which intermittently makes her unable to perform the essential functions of her job.

9.  Plaintiff first requested, and Defendant approved, FMLA leave in 2006 and each year thereafter through 2008.

10. On January 30, 2009, Defendant approved intermittent FMLA leave, which was available to her until December 13, 2009.

11. On or about April 2, 2009, Plaintiff was working 11PM to 7AM as the charge nurse on 3 East.

12. While performing routine early morning bedroom checks, a mental health clinician who was working with Plaintiff found a male and female patient engaged in sexual intercourse in the female patient's room. The clinician immediately notified Plaintiff about the situation and called Plaintiff to come to the room.

13. Plaintiff arrived in the room and saw that the female patient was very confused and did not seem to be coherent. Plaintiff found the male patient hiding behind the room door.

After she evaluated the female patient, Plaintiff became concerned that the female patient was not mentally able to consent to sexual intercourse, making sexual assault or rape a possibility.

14. Plaintiff called security officers employed by Defendant to come to the scene and control the situation. When they arrived, Plaintiff told them that she questioned whether an assault or rape had occurred due to the female patient's behavior and the medication prescribed for her.

15. Plaintiff also paged and/or called several supervisors and management, including but not limited to the Unit Coordinator, Clinical Director, Executive Director, Risk Management Office, Administrator On Call, Medical Director, the attending physician for the male patient and the physician on call for Gallahue Mental Health/Adult-Child Services in order to report the situation, explain that she was unsure if the sexual activity was consensual, and get further direction.

16. The Clinical Director, Susan Dreaden, RN, directed Plaintiff to refer to the Defendant's on-line sexual assault policy. Plaintiff did consult the policy and implemented it.

17. Defendant's security officers to decided to call the Indianapolis Metropolitan Police Department (hereinafter "IMPD") Sexual Assault Unit to investigate the incident. At approximately 4:30 A.M., an IMPD officer arrived at 3 East to investigate the possibility that a sexual assault or rape had occurred.

18. A Security Investigator for Defendant and the IMPD Officer questioned the female patient and male patient on the unit. The officers told Plaintiff that they had set up a "crime scene." The female at this point was allowed to rest in her room while the officers questioned witnesses and gathered further information. The officers did not transport female patient to emergency room, where a rape examination would normally take place.

19. Plaintiff worked her regular shift without incident or reprimand on April 3, 8, 9, 14, 15 and 16, 2009.

20. Defendant suspended Plaintiff without pay on April 17, 2009, just after she completed working a shift the day before. The Clinical Director told Plaintiff would be suspended while the incident on April 2, 2009 was under investigation.

21. Defendant terminated Plaintiff's employment on April 28, 2009. The Clinical Director told Plaintiff she was being terminated because she made a false statement concerning the incident on April 2, 2009 and that Plaintiff "should have known." The Clinical Director did not elaborate on that statement or on the reason for Plaintiff's termination.

## COUNT I: FMLA RETALIATION

22. Plaintiff hereby incorporates by reference paragraphs 1 through 21 listed above.

23. At all times relevant to this Complaint, Plaintiff was an employee as defined by the FMLA, who worked for Defendant for more than one year and for more than 1250 hours in that year.

24. At all times relevant to this Complaint, Defendant was an employer as defined by the FMLA.

25. Defendant's retaliatory termination of Plaintiff was in violation of Plaintiff's rights under the Family Medical Leave Act.

26. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Plaintiff's legal rights under the Family Medical Leave Act.

27. Plaintiff has suffered economic damages and emotional distress as a result of Defendant's unlawful acts.

## COUNT II: RETALIATION UNDER INDIANA LAW

28. Plaintiff hereby incorporates by reference paragraphs 1 through 21 listed above.

29. Defendant terminated Plaintiff's employment in retaliation for her actions in questioning whether the female patient had the cognitive ability to consent to the sexual intercourse witnesses on April 2, 2009, and following Defendant's policy regarding same.

30. Plaintiff could have suffered personal liability, such as the suspension or revocation of her nursing license, had she not assessed the patients, reported the incident and her observations about the female patient's ability to consent.

31. Plaintiff's failure to act as she did on April 2, 2009 could have been considered failure to provide the patients with adequate care and protection, in violation of the Nurse Practice Act IC 25-23-1-1 *et seq* and 848 IAC 2-2-1, 848 IAC 2-2-2 and other relevant regulations.

32. Plaintiff's failure to act as she did on April 2, 2009 could have been considered unprofessional conduct on her part and failure to prevent further harm to one or both of the patients.

33. Defendant acted with knowing, willful, intentional and/or with a reckless disregard for Plaintiff's rights under Indiana law.

### V. REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in her favor and award her the following relief:

a. All lost wages and other compensation;

b. Compensatory damages, including emotional distress;

c.  Reinstatement her to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c.  Punitive damages;

d.  Pre- and post-judgment interest; and,

e.  Any and all other legal and/or equitable relief to which Plaintiff is entitled.

## DEMAND FOR TRIAL BY JURY

Comes now the Plaintiff, Ann Jeanine Zoch, by counsel, and requests a trial by jury on all issues deemed so triable.

Respectfully submitted:

_____
Amy Ficklin DeBrota (#17294-49)
**The DeBrota Law Firm LLC**
715 E. 107th Street
Indianapolis, Indiana 46280
Telephone: (317) 848-5555
Facsimile: (888) 273-1326
Email: amy@debrotalaw.com

Counsel for Plaintiff